John K. Buche (SBN 239477)
Byron E. Ma (SBN 299706)
BUCHE & ASSOCIATES, P.C.
875 Prospect, Suite 305
La Jolla, California 92037
Tel: 858.459.9111
Fax: 858.459.9120
jbuche@buchelaw.com
bma@buchelaw.com

*Attorneys for Plaintiff GreenBroz, Inc.*

**UNITED STATES DISTRICT COURT**

**SOUTHERN DISTRICT OF CALIFORNIA**

GREENBROZ, INC., a Nevada corporation,

Plaintiff,

v.

LAEGER BUILT, LLC d/b/a TRIMBROS.COM, an Oregon limited liability company; JEFFERY LAEGER, an individual; and DOES 1-10,

Defendants.

**Case No.:** '16CV2946 JAH BLM

**COMPLAINT FOR**

**(1) PATENT INFRINGEMENT OF U.S. PATENT NO. D755,263**

**(2) CALIFORNIA TRADEMARK INFRINGEMENT**

**(3) PALMING OFF (CALIFORNIA COMMON LAW FOR UNFAIR COMPETITION)**

**(4) UNFAIR COMPETITION UNDER THE LANHAM ACT - 15 U.S.C. §1125**

**JURY TRIAL DEMANDED**

Plaintiff GreenBroz, Inc. ("GreenBroz" or "Plaintiff") hereby files this Complaint against Defendants Laeger Built, LLC d/b/a Trimbros.com and Jeffery Laeger (collectively referred to herein as "Defendants") and alleges as follows:

## THE PARTIES

1. Plaintiff GreenBroz, Inc. is a corporation organized and existing under the laws of the state of Nevada and registered to do business in California, with a principal place of business at 3639 Midway Drive, San Diego, CA 92110.

2. Plaintiff is informed and thereon alleges that Defendant Laeger Built, LLC d/b/a Trimbros.com ("Trimbros"), is a limited liability company organized and existing under the laws of the state of Oregon and doing business under the assumed name of Trimbros.com. Trimbros has a place of business at 1595 Lampman Rd., Gold Hill, Oregon 97525.

3. On information and belief, service of process is proper on Trimbros on its registered agent, Jeffery Laeger, 1595 Lampman Rd., Gold Hill, Oregon 97525, or on a principal officer of the business at the place of business.

4. Plaintiff is informed and thereon alleges that Defendant Jeffery Laeger "Laeger", is an individual residing in the state of Oregon with an address at 1595 Lampman Rd., Gold Hill, Oregon 97525.

5. On information and belief, service of process is proper on Laeger, at 1595 Lampman Rd., Gold Hill, Oregon 97525.

6. Plaintiff is presently unaware of the true names of the Defendants identified in the Complaint under the fictitious names DOES 1-10. On information and belief, DOES 1-10 are infringing, contributing, or inducing to infringe, U.S. Patent No.

D755,263 (attached herein as **Exhibit A**). Plaintiff will amend its Complaint to identify the names of the DOE Defendants as they are discovered.

## JURISDICTION AND VENUE

7. This action arises under the patent laws of the United States, 35 U.S.C. § 1 *et seq.*, and seeks damages and injunctive relief pursuant to 35 U.S.C. §§ 271, 281, 284, 285, and 289.

8. This Court has subject matter jurisdiction over the action pursuant to 28 U.S.C. §§1331 and 1338(a) because the actions below concern a federal question arising under the patent laws of the United States, including 35 U.S.C. § 271.

9. Venue is proper in this judicial district under 28 U.S.C. §§ 1391(b), (c) and 1400 (b) because, among other reasons, Defendants are subject to personal jurisdiction in this judicial district and have committed acts of infringement in this judicial district or will imminently commit acts of infringement in this judicial district.

10. This Court has personal jurisdiction over Defendants because Defendants have had, and continue to have, regular and systematic contacts with the State of California and within this judicial district by selling and/or offering to sell products and services that infringe the patent at issue in this case, and/or by conducting other business within this judicial district. In addition, this Court has personal jurisdiction over Defendants because Defendants have used, offered for sale, and/or sold infringing products and placed such infringing products in the stream of commerce with the expectation

that such infringing products would be used, offered for sale, and/or sold within the State of California and this judicial district. For example, Defendants have offered for sale and/or sold infringing products to addresses in San Diego, California. Attached herein as **Exhibit B** is a receipt for one of Defendants' products purchased in San Diego, California.

## FACTUAL BACKGROUND

11. Paragraphs 1-10 are hereby incorporated by reference.

12. Plaintiff is a corporation which is the owner of a design patent for a blade assembly of an apparatus for trimming agricultural products.[1] Plaintiff owns the entire right, title, and interest in U.S. Patent Number D755,263 ("the '263 Patent) which was filed on August 8, 2014 and issued on May 3, 2016. *See* Ex. A. The '263 Patent is valid, enforceable, and currently in full force and effect.

13. Defendants manufacture, import, use, and/or sells at least one agricultural product trimmer that employs substantially the same ornamental look and appearance of the Plaintiff's blade assembly ("Accused Products"). Defendants' offer for sale a "Residential Dry Trimmer" and a "Commercial Dry Trimmer" (attached herein as **Ex-**

[1] These descriptions and other non-technical descriptions within this Complaint are for illustrative purposes only. Nothing contained within this Complaint is intended to, either implicitly or explicitly, express any position regarding the proper construction of the claim of U.S. Patent No. D755,263.

**hibit C** is a printout of Defendants' "Residential" and "Commercial" dry trimmers offered for sale). The patented feature of the Plaintiff's invention and Trimbros's Accused Products are shown below:

| Plaintiff's '263 Patent | Trimbros's Accused Products |
|---|---|
|  FIG. 1 |   |
|  FIG. 2 |   |

| Plaintiff's '263 Patent | Trimbros's Accused Products |
|---|---|
|  FIG. 6 |  |
|  FIG. 6 |  |

| Plaintiff's '263 Patent | Trimbros's Accused Products |
|---|---|
|  FIG. 8 |   |

14. Defendants' infringing trimmer copies the ornamental look and appearance of the design of the '263 Patent.

15. Defendants do business and sell their Accused Products and other products in the United States and in this district, via online stores, such as www.californiatrimstore.com (attached herein as **Exhibit D** is a printout of www.californiatrimstore.com advertising and displaying Defendants' products for sale).

16. Plaintiff and Defendants operate in the same competitive space and sell to the same or similar customer base. Plaintiff also sent the Defendants a cease and desist letter via Fed Ex Courier on June 13, 2016 (attached herein as **Exhibit E** is a true and correct copy of the cease and desist letter). Thus, Defendants' acts of infringement of the '263 patent have occurred with knowledge of Plaintiff's rights in its patent or with willful blindness thereto.

17. GreenBroz has a California common law trademark under Cal. Bus. & Prof. Code §§14200-14202. In general, GreenBroz's California common law trade-mark (the "Mark") consists of the use of the name "GreenBroz" in connection with the general look and appearance of GreenBroz's trimmer.

18. Defendants' Accused Products look nearly identical to GreenBroz's trim-mer. The Defendants' Accused Products feature, in addition to similar blade designs, a name that is phonetically similar on its second element, a housing with a similar shape and similar angles, and a similar housing color. Furthermore, the Defendants' Accused Products are marketed towards and appealing to the same customers.

19. On information and belief, Defendants use a substantially similar looking housing, color scheme, and trademark to make their product look similar to or the same as the Plaintiff's trimmer.

20. On information and belief, consumers have purchased the Defendants' trimmer thinking that it is a GreenBroz trimmer and been confused as to the source of the product. Further consumer confusion is inevitable.

21. On information and belief, individual Defendant Jeffery Laeger was aware of Plaintiff's intellectual property and actively engaged and willfully participated with infringement of Plaintifff's intellectual property, namely its patent and trademark rights.

22. On information and belief, Laeger Built, LLC is also the alter ego of Jeffery Laeger and is so indistinct from the individual that the corporate veil should be pierced to avoid allowing its controller to escape liability. On information and belief, there is (i) a unity of interest and ownership between Laeger Built, LLC and Jeffery Laeger, and (ii) there will be an inequitable result if the Defendants' acts are treated as those of Laeger Built, LLC alone.

## **FIRST CLAIM FOR RELIEF**

### **(Patent Infringement of U.S. Pat. No. D755, 263)**

23. Paragraphs 1–22 are hereby incorporated by reference.

24. This is a claim for patent infringement under 35 U.S.C. § 271.

25. The '263 Patent was duly and legally issued on May 3, 2016. The design of the '263 Patent was invented by and the patent issued to Cullen Raichart, who duly assigned all of the rights to the '263 Patent to Plaintiff GreenBroz, Inc.

26. On information and belief, Defendants infringed the claim of the ‘263 Patent, “[a] bud trimmer, as shown and described [in the ‘263 Patent,]” by and through making, using, selling and/or importing the Accused Products, which an ordinary observer would think is substantially the same as that shown and described in the ‘263 Patent.

27. Defendants infringe the ‘263 Patent by making, using, offering for sale, importing, and selling infringing products within the United States and this judicial district.

28. On information and belief, Defendants knew about the ‘263 Patent at the time it engaged in its infringing activities. Defendants’ infringement of the ‘263 Patent has been without permission, consent, authorization, or license of GreenBroz. Therefore, on information and belief, Defendants’ actions constitute willful and intentional infringement of the ‘263 Patent.

29. As a direct and proximate result of Defendants’ infringement of the ‘263 Patent, GreenBroz has been damaged and is entitled to recover damages adequate to compensate it for the infringement.

30. As a direct and proximate result of Defendants’ infringement of the ‘263 Patent, Defendants have derived and received gains, profits and advantages in an amount currently unknown to GreenBroz.

31. Pursuant to 35 U.S.C. § 289, GreenBroz is entitled to Defendants' total profits from Defendants' infringement of the '263 Patent.

32. Pursuant to 35 U.S.C. § 284, GreenBroz is entitled to damages for Defendants' infringing acts and treble damages together with interest and costs as fixed by this Court.

33. Pursuant to 35 U.S.C. § 285, because of the exceptional nature of this case, GreenBroz is entitled to reasonable attorneys' fees for the necessity of bringing this claim.

34. Due to the aforementioned infringing acts, GreenBroz has suffered great and irreparable injury, for which GreenBroz has no adequate remedy at law.

35. Defendants will continue to directly and/or indirectly infringe the '263 Patent to the great and irreparable injury of GreenBroz, unless enjoined by this Court.

## SECOND CLAIM FOR RELIEF

**(California Statutory Trademark Infringement Pursuant to Cal. Bus. & Prof. Code §14245)**

36. Paragraphs 1-35 are hereby incorporated by reference.

37. On information and belief, under California Law, Defendants infringed GreenBroz's California common law trademark under Cal. Bus. & Prof. Code §14245.

38. GreenBroz has a California common law trademark under Cal. Bus. & Prof. Code §§14200-14202. In general, GreenBroz's California common law trademark (the "Mark") consists of the use of the name "GreenBroz" in connection with the general look and appearance of GreenBroz's trimmer.

39. On information and belief, Plaintiff is owner of the GreenBroz, Inc. mark.

40. On information and belief, Defendants use, without Plaintiff's consent, a reproduction, counterfeit, copy, or colorable imitation of the Mark in connection with the sale, distribution, offering for sale, or advertising of its goods and services with which the use is likely to cause confusion or mistake, or deceives consumers as to the source of origin of such goods or services. Defendants' product looks nearly identical to Plaintiff's product, features a name that is phonetically similar on its end, using similar shapes/angles and appealing to the same customers.

41. Plaintiff's customers have contacted Plaintiff and complained about a product manufactured and sold by the Defendants—having erroneously believed the shabby inferior product was from GreenBroz. This was actual confusion and tarnishes the reputation of GreenBroz for quality.

42. On information and belief, Defendants reproduce, counterfeit, copy, or colorably imitate the Mark and applies the colorable imitation to labels, signs, prints, packages, wrappers, receptacles, or advertisements intended to be used upon or in connection with the sale of Defendants' trimmers and other products and services.

43. On information and belief, Defendants knowingly facilitate, enable, or otherwise assist persons to manufacture, use, distribute, display, or sell any goods or services bearing any reproduction, counterfeit, copy, or colorable imitation of the Mark, without the consent of GreenBroz.

44. On information and belief, Defendants' use has caused actual confusion, a likelihood of confusion, and the use will continue to cause a likelihood of confusion or mistake or is likely to deceive as to the source of origin of the Defendants' goods under Cal. Bus. & Prof. Code §14245(a)(1).

**THIRD CLAIM FOR RELIEF**
**(California "Palming Off" Common Law Unfair Competition)**

45. Paragraphs 1-44 are hereby incorporated by reference.

46. On information and belief, Defendants have engaged in unfair competition under California common law.

47. On information and belief, Defendants simulate and imitate GreenBroz's trimmer by creating a substantially similar looking housing device with the same blade designs. Defendants' housing device features similar angles to GreenBroz's trimmer housing device. Furthermore, Defendants use a similar company name and even have the same design for a window cutout. Plaintiff incorporates paragraphs 36 to 44 from its second claim for relief.

48. On information and belief, Defendants acted with the purpose of deceiving the public into buying Defendants' imitating trimmers under the impression that it is purchasing GreenBroz's trimmers.

49. On information and belief, GreenBroz and Defendants are in direct competition.

**FOURTH CLAIM FOR RELIEF**
**(Unfair Competition Under the Lanham Act - 15 U.S.C. §1125)**

50. Paragraphs 1-49 are hereby incorporated by reference.

51. Defendants are advertising and offering for sale the Accused Products, which infringe the '263 Patent and Plaintiff's Mark. Defendant's advertising and offerings for sale include, but are not limited to, various websites such as http://www.californiatrimstore.com.

52. On information and belief, Defendants have engaged in unfair competition with the intent to mislead the public as to the origin of the Accused Products by designing, manufacturing, and selling trimmers that feature the same or substantially similar housing and blade design as the Plaintiff's trimmer. In doing so, Defendants intended to sell Defendants' Accused Products and to mislead the public into believing that the Accused Products are the same as Plaintiff's trimmers or otherwise authorized by or related to the Plaintiff's trimmers. In fact, one of Plaintiff's customers contacted Plaintiff regarding the quality of the Defendants' trimmer, under the impression that it was the Plaintiff's trimmer.

53. Defendants' use of a substantially similar housing, blade design, product shapes and marks for the Accused Products was, and continues to be, misleading and likely to deceive the public in that it appears therefrom that Defendants are the originator, designer, or are otherwise authorized to manufacture and distribute the Accused Products, and further, that Defendants own the intellectual property underlying Defendants' Accused Products and/or have the manufacturing rights to the patent protected design, which is not true.

54. Defendants' unlawful and improper actions in connection with the Accused Products, as set forth above, are likely to cause confusion, mistake or deception as to the source, origin or sponsorship of Defendants' Accused Products, and to falsely mislead the public into believing that Defendants' Accused Products originate from, are affiliated or connected with, or are licensed, sponsored, authorized, approved, or sanctioned by Plaintiff, all to the detriment and damage of Plaintiff's reputation, goodwill, and sales.

55. Defendants' actions constitute false designation of origin and unfair competition in commerce, in violation of the Lanham Act, 15 U.S.C. §1125.

56. Defendants have engaged and continue to engage in these activities knowingly and willfully, without Plaintiff's authorization or consent, so as to justify the assessment of treble damages and attorneys' fees under 15 USC §1117.

57. Defendants' unlawful actions have caused and are continuing to cause actual damages to Plaintiff in an amount which is to be determined at trial.

58. Defendants' conduct is causing immediate and irreparable injury and, unless enjoined by this Court, will continue to cause Plaintiff to sustain irreparable damage, loss and injury, for which Plaintiff has no adequate remedy at law.

## **JURY DEMAND**

Plaintiff hereby demands a trial by jury on all issues so triable.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff GreenBroz respectfully requests that judgment be entered in favor of GreenBroz and against Defendants and further prays that the Court grant the following relief to Plaintiff GreenBroz:

a. A judgment that Defendants have infringed the '263 Patent;

b. A preliminary and permanent injunction enjoining Defendants, their respective officers, directors, agents, servants, employees, and attorneys, and those persons in active concert or participation with Defendants, from infringing the '263 Patent in violation of 35 U.S.C. § 271;

c. That Defendants account for all gains, profits, and advantages derived by Defendants' infringement of the '263 Patent in violation of 35 U.S.C. § 271, and that Defendants pay to GreenBroz all damages suffered by GreenBroz and/or Defendants'

total profits from such infringement and/or alternatively not less than a reasonable royalty;

d. An Order adjudging Defendants to have willfully infringed the '263 Patent under 35 U.S.C. § 271;

e. An Order for a trebling of damages and/or exemplary damages because of Defendants' willful conduct pursuant to 35 U.S.C. § 284;

f. An Order adjudging that this is an exceptional case;

g. An award to GreenBroz of the attorneys' fees and costs incurred by GreenBroz in connection with this action pursuant to 35 U.S.C. § 285;

h. An Order adjudging that Defendants have infringed Plaintiff's GREENBROZ mark, in violation of California Law;

i. An Order adjudging that Defendants have deliberately, intentionally, and willfully infringed Plaintiff's GREENBROZ mark, in violation of California law;

j. An Order adjudging that Defendants and their officers, agents, employees and all persons acting or claiming to act on their behalf under their direction or authority be preliminary and permanently enjoined and restrained from infringing Plaintiff's Mark in any manner in the sale, promotion, advertising, manufacture, purchase and/or distribution of Defendants' products;

k. An Order that Defendants pay to Plaintiff damages for California trademark infringement in the amount of their infringing profits and/or reasonable royalties,

increased by the Court by an amount the Court deems suitable, together with Plaintiff's actual damages, and such damages be increased or trebled pursuant to Cal. Bus. & Prof. Code §14250 and/or under 15 U.S.C. §1125.

l. An Order adjudging that Defendants have competed unfairly with Plaintiff by simulating and imitating Plaintiff's housing and blade structure for a trimmer in violation of California state law;

m. An award to GreenBroz of compensatory damages because Defendants have competed unfairly with Plaintiff;

n. An award to GreenBroz of punitive damages because Defendants acted in conscious disregard of GreenBroz's rights;

o. An Order adjudging that Defendants and their officers, agents, employees and all persons acting or claiming to act on their behalf under their direction or authority be preliminary and permanently enjoined and restrained from using a simulation or imitation of Plaintiff's trimmer in any manner in the sale, promotion, advertising, manufacture, purchase and/or distribution of Defendants' products;

p. Plaintiff be awarded recovery for Defendants' profits and all damages sustained by Plaintiff under 15 U.S.C. §1117(a) and this case be deemed an exceptional case under applicable law, and that Plaintiff be awarded its reasonable attorney fees and disbursements in this action and treble damages;

q. An award of pre-judgment and post-judgment interest and costs of this action against Defendants;

r. That GreenBroz have and recover the costs of this civil action, including reasonable attorneys' fees;

s. Such other and further relief as the Court may deem just and proper.

Dated: December 2, 2016

Respectfully Submitted,

By: /s/ John K. Buche

John K. Buche (CSBN 239477)
Byron E. Ma (CSBN 299706)
BUCHE & ASSOCIATES, P.C.
875 Prospect, Suite 305
La Jolla, California 92037
Tel: 858.459.9111
Fax: 858.459.9120
Email: jbuche@buchelaw.com
bma@buchelaw.com

*Attorneys for Plaintiff*
*GREENBROZ, INC.*