# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GREENBROZ, INC., a Nevada corporation,<br><br>Plaintiff,<br><br>v.<br><br>LAEGER BUILT, LLC d/b/a TRIMBROS.COM, an Oregon limited liability company; JEFFERY LAEGER, an individual; DOES 1-10<br><br>Defendants. | Case No.: 3:16-cv-2946-CAB (BLM)<br><br>**ORDER RE MOTION TO DISMISS**<br><br>[Doc. No. 11] |

Defendants Laeger Built, LLC d/b/a Trimbros.com and Jeffery Laeger (collectively "Defendants") move to dismiss the Complaint filed against them by Plaintiff Greenbroz, Inc. ("Plaintiff"). Both Defendants move to dismiss Plaintiff's Complaint for lack of personal jurisdiction, pursuant to Fed. Civ. P. 12(b)(2); Defendant Jeffery Laeger also moves to dismiss for failure to state a claim pursuant to Fed. Civ. P. 12(b)(6). Defendants alternatively request for a more definite statement pursuant to Fed. Civ. P. 12(e). For the reasons set forth below, this Court **denies** the motion to dismiss for lack of personal jurisdiction or in the alternative motion for a more definite statement and **grants** the motion to dismiss for failing to state a claim against Defendant Jeffery Laeger.

## I. BACKGROUND

Plaintiff is a corporation formed and organized in Nevada with its principal place of business in San Diego, California. [Doc. No. at ¶ 1.] Defendant Laeger Built, LLC is a limited liability company organized and existing under Oregon law, where its principal place of business is located. [*Id.* at ¶¶ 2-3.] Defendant Jeffery Laeger is the registered agent and principal officer of the business. [*Id.* at ¶ 3.]

Plaintiff designs and manufactures various agricultural trimmers. [Doc. No. 12.] Plaintiff is the owner of a design patent for a blade assemble apparatus for trimming agricultural products ("the Patent"). [Doc. No. 1 ¶¶ 4, 12.] Plaintiff filed the Patent in August 2014 and it was issued in May 2016. [*Id.* at ¶ 12.] On June 13, 2016, Plaintiff sent a cease and desist letter to Defendants, stating that Defendant's agricultural trimmer ("the Product") was infringing on its Patent. [*Id.* at ¶ 16.] Defendants responded on June 29, 2016, denying it was infringing and refusing to comply with the demands contained therein. [Doc. No. 12-4 at 2-3.] On December 2, 2016, Plaintiff filed its Complaint against Defendants alleging patent infringement, California trademark infringement, and unfair competition under state common law and the Lanham Act. [*See generally* Doc. No. 1.]

## II. PERSONAL JURISDICTION

### A. Legal Standard

In their moving papers, the parties cite exclusively to Ninth Circuit law in analyzing personal jurisdiction. However, when the personal jurisdiction analysis in an action is "intimately related to patent law," Federal Circuit law applies. *Avocent Huntsville Corp. v. Aten Int'l Co.*, 552 F.3d 1324, 1328 (Fed. Cir. 2008) (applying Federal Circuit law where the jurisdictional issue was intimately involved with the substance of the patent laws.)

Where, as is the case here, the suit involves both patent and non-patent claims, Federal Circuit law will also apply to the issue of personal jurisdiction of non-patent claims if the resolution of the patent infringement issue will be a *substantial factor* in determining liability under non-patent claims. *Breckenridge Pharm., Inc. v. Metabolite Labs., Inc.*, 444 F.3d 1356, 1361 (Fed. Cir. 2006); *but see Elecs. for Imaging, Inc. v. Coyle*, 340 F.3d 1344,

1348 (Fed. Cir. 2003) (applying regional circuit law to non-patent declaratory claims of non-misappropriation of trade secrets and non-breach of contract.)

The three non-patent claims are California trademark infringement and unfair competition, based on California common law and the Lanham Act, 15 U.S.C. § 1125. [*See generally* Doc. No. 1.] The personal jurisdiction determination of these non-patent claims are governed by Federal Circuit law because each arises under the same underlying facts of the patent infringement claim and the resolution of the patent claim is significant to the ruling of these non-patent claims. *See 3D Systems, Inc. v. Aarotech Lab., Inc*., 160 F.3d 1373, 1377 (Fed. Cir. 1998) (holding the state law claims of trade libel and *unfair competition* "go hand-in-hand with [the plaintiff's] patent infringement claims."); *see also LSI Industries Inc. v. Hubbell Lighting, Inc.*, 232 F.3d 1369, 1371 (Fed. Cir. 2000) (applying Federal Circuit law to personal jurisdiction issue for patent and trademark claims).

Accordingly, Federal Circuit law applies to the entirety of Defendant's motion to dismiss for lack of personal jurisdiction. Under Federal Circuit law, the burden of establishing jurisdiction is on the plaintiff. *Silent Drive, Inc. v. Strong Indus., Inc.*, 326 F.3d 1194, 1201 (Fed. Cir. 2003). The plaintiff need only make a prima facie showing of jurisdiction to survive a motion to dismiss, when, as is the case here, no jurisdictional discovery has been conducted. *Id.* The district court must construe all pleadings and affidavits in the light most favorable to the plaintiff and resolve any factual conflicts in the affidavits in the plaintiff's favor. *Id.* "[W]here the plaintiff's factual allegations 'are not directly controverted, [they] are taken as true for purposes of determining jurisdiction . . .'" *Akro*, 45 F.3d at 1543 (quoting *Beverly Hills Fan Co. v. Royal Sovereign Corp.*, 21 F.3d 1558, 1563 (Fed. Cir. 1994)).

**B. Analysis**

Whether a court has personal jurisdiction over an out-of-state defendant typically involves two inquiries: (1) whether a forum state's long-arm statute permits service of process; and (2) whether the assertion of personal jurisdiction would violate due process.

*Inamed Corp. v. Kuzmak*, 249 F.3d 1356, 1359-60 (Fed. Cir. 2001). Here, because "California's long-arm statute is coextensive with the limits of due process," the sole inquiry is a "whether jurisdiction comports with due process." *Autogenomics, Inc. v. Oxford Gene Tech. Ltd.*, 566 F.3d 1012, 1017 (Fed. Cir. 2009) (citing Cal. Code Civ. Proc. § 410.10).

Due process requires the out of state defendant to have certain "minimum contacts with the forum state such that the maintenance of the suit does not offend traditional notions of fair play and substantial justice." *Int'l Shoe v. Washington*, 326 U.S. 310, 316 (1945). Personal jurisdiction can be general or specific, however, Plaintiff only argues for specific personal jurisdiction.[1] [*See* Doc. No. 12 at 11.]

Specific jurisdiction must be based on activities that arise out of or relate to the cause of action. *Id.* The Federal Circuit has established a three-prong test that must be met to exercise specific personal jurisdiction: "(1) whether the defendant purposefully directed its activities at the residents of the forum; (2) whether the claim arises out of or is related to those activities; and (3) whether assertion of personal jurisdiction is reasonable and fair." *Akro Corp. v. Luker*, 45 F.3d 1551, 1545-46 (Fed. Cir. 1995). "The first two factors correspond with the 'minimum contacts' prong of the *International Shoe* analysis, and the third factor corresponds with the 'fair play and substantial justice' prong of the analysis." *Inamed*, 249 F.3d at 1360 (referencing *Int'l Shoe*, 326 U.S. at 316.) "The plaintiff has the burden of proving parts one and two of the test, and then the burden shifts to the defendant to prove that personal jurisdiction is unreasonable." *Grober v. Mako Prods, Inc.*, 686 F.3d 1335, 1346 (Fed. Cir. 2012).

///

---

[1] *Autogenomics*, 566 F.3d at 1017. The Supreme Court in *Daimler AG v. Bauman* heightened the burden for general jurisdiction. 134 S. Ct. 746 (2014). The court held "the inquiry is whether a corporation's affiliations with the State are so continuous and systematic as to render it essentially at home in the forum State." *Id*. at 761 (quoting *Goodyear Dunlop Tires Operations, S.A. v. Brown*, 564 U.S. 915, 919 (2011) (internal quotations omitted). Plaintiff makes no arguments in support of general jurisdiction and the contacts alleged are insufficient to support such a finding. [*See* Doc. No. 12.]

### 1. Purposefully Directed Activities

In addressing this prong, courts have looked at efforts by the infringing party to sell the product to the forum, including attending sales conventions, and evidence of any actual sales in the forum. *See Beverly Hills*, 21 F.3d at 1565 ("The allegations are that defendants purposefully shipped the accused fan into [the forum] through an established distribution channel. The cause of action for patent infringement is alleged to arise out of these activities. No more is usually required to establish specific jurisdiction."); *see also Campbell Pet Co. v. Miale*, 542 F.3d 879, 885 (Fed. Cir. 2008) (confirming the lower courts holding that engaging in a three-day convention satisfied this prong).

Plaintiff alleges in its Complaint that Defendants "manufacture, import, use, and/or sell at least one agricultural product trimmer that employs substantially the same ornamental look and appearance of the Plaintiff's blade assemble." [Doc. No. 1 at ¶ 13.] Plaintiff alleges that personal jurisdiction is proper because "Defendants have used, offered for sale, and/or sold infringing products and placed such infringing products in the stream of commerce with the expectation that such infringing products would be used for sale, and/or sold within the State of California and this judicial district." [*Id*. at ¶ 10.]

The factual allegations Plaintiff relies on in support are as follows[2]:

- Defendants advertised the Product via online websites;
- Defendants attended, attempted to sell and handed out information about the Product at a convention in Vallejo, California;
- Defendants responded to a California shipping inquiry on their social media account; and
- Defendants sold one of the Products in San Diego, California.

[Doc. No. 12 at 5-6.]

///

---

[2] The following facts are uncontroverted by Defendant. [*See* Doc. No. 11-1 and 13.]

5

Defendants argue the websites are insufficient to show directed actions toward California because the websites are not interactive and accessible nationwide.[3] [Doc. No. 13 at 2.] Further, Defendants argue, the Product was not brought to the convention and the only sale Plaintiff can prove occurred in California was to a "shill" customer. [Doc. Nos. 13 at 2; 11-1 at 5.] According to Defendant these contacts are too insignificant in degree to warrant a finding of personal jurisdiction. [Doc. No. 11-1 at 5.] This Court is not persuaded. Defendant attended a marketing convention in Vallejo, California where informational pamphlets about the Product were handed out for the purpose of selling the Product and even made a sale in California. Whether or not the Product was physically present at the convention is insignificant. Defendant is solely in the business of selling agricultural trimmers, thus at the convention Defendant must have been advertising the Product. [Doc. No. 12-5 at 3-5.] Likewise, whether or not any sales occurred during the convention is irrelevant. By attending a convention to market the Product in California, Defendant's purposefully directed their alleged infringement activities to California. A sale is not necessary for such activities to satisfy the purposeful direction prong. *See 3D Systems*, 160 F.3d at 1379 (holding that unsuccessful activities directed to residents of the forum state are sufficient to establish the first prong.)

Without reliance on case law, Defendant urges this Court to discredit the only sale proven by Plaintiff because it was to a 'shill' customer, Plaintiff's investigator. [Doc. No. 11-1 at 3]; s*ee generally, Boschetto v. Hansing*, 539 F.3d 1011, 1017 (9th Cir. 2008) (the "lone transaction for the sale of one item does not establish that the Defendants purposefully availed themselves of the privilege of doing business [in that forum]"); *but see PetEdge, Inc. v. Fortress Secure Sols., LLC*, 144 F. Supp. 3d 249, 257 (D. Mass. 2015) (holding a sale of the infringed product to Plaintiff's employees supported the exercise of specific jurisdiction because there was evidence of *intentional actions* taken *toward* the

---

[3] Whether the websites confer specific personal jurisdiction need not be addressed because Defendant's other contact is sufficient to satisfy this prong.

*forum* outside of the purchase, and the defendant knew the product was going to forum at issue.) Even assuming *arguendo* that it is discredited, because Defendant's attendance at the conference is sufficient to satisfy this prong, the Court need not address this argument.

Based on the foregoing, Plaintiff has met its burden as to the first prong.

## 2. Arises Out Of Or Relates To

In cases like the one before this Court, this second factor is not at issue. In such typical patent infringement suits "the claim asserted by the patentee plaintiff is that some act of making, using, offering to sell, selling, or importing products or services by the defendant constitutes an infringement of the presumptively valid patent named in suit." *See Avocent*, 552 F.3d at 1332 (citing 35 U.S.C. § 271(a)).

Plaintiff's claim is that Defendant's Product is infringing its valid patent. The alleged actions of Defendant to promote and sell the Product in California relate to the patent infringement claim and serve as the basis for the claim. *See Avocent*, 552 F.3d at 1332 (holding in an ordinary patent infringement suit, "the claim both 'arises out of' and 'relates to' the defendant's alleged manufacturing, using, or selling of the claimed invention.") Any actions in promoting and selling the Product in California relates to Plaintiff's allegations. Thus, Plaintiff has satisfied this prong.

## 3. Reasonable and Fair

If the court finds the plaintiff has established the first two prongs, the burden shifts, and the defendant "present a compelling case that the presence of some other considerations would render jurisdiction unreasonable." *Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 476-77 (1985). Five factors relevant in determining the reasonableness of personal jurisdiction are: "(1) the burden on the defendant, (2) the forum State's interest in adjudicating the dispute, (3) the plaintiff's interest in obtaining convenient and effective relief, (4) the interstate judicial system's interest in obtaining the most efficient resolution of controversies, and (5) the shared interest of the several States in furthering fundamental substantive social policies." *Avocent*, 552 F.3d at 1331 (citing *Burger King*, 471 U.S. at 477) (internal quotations omitted).

The burden on the defendants to meet this prong is high and in general such findings are limited to rare situations "where the plaintiff's interest and the state's interest in adjudicating the dispute in the forum are so attenuated that they are clearly outweighed by the burden of subjecting the defendant to litigation within the forum." *Beverly Hills*, 21 F.3d at 1568; *see e.g., ASM Assembly Sys. Switzerland GmbH v. QTS Eng'g, Inc.*, 2016 WL 278734, at *2 (S.D. Cal. Jan. 22, 2016) (finding specific jurisdiction unreasonable and unfair because the defendant, a Massachusetts corporation, had no connection to California, aside from a single appearance at an international trade show, and the plaintiffs were foreign corporations with no contacts with California.)

Here, Defendants argue they face a substantial burden if it litigates this case in San Diego. [Doc. No. 11-1 at 4.] Defendants contend they are a small corporation, "a true 'mom and pop' company," and having to litigate this case in Southern California, over a 1,000 miles from Oregon, would be a significant burden. [Doc. Nos. 13 at 1; 11-1 at 4.] This blanket assertion of hardship is insufficient. *See Breckenridge*, 444 F.3d at 1367. In *Breckinridge*, the defendants asserted that as a small company located in Colorado, defending suit in Florida would place it under a significant burden. *Id*. The court held the defendant's "general assertion of hardship, without supporting evidence, [was] unpersuasive." *Id*. Similar to the present case, Defendant's unsupported hardship claims are insufficient. [Doc. No. 11-1 at 4.] Although Defendants do not address the remaining four factors, each supports the exercise of specific jurisdiction.

With regard to factor two, California has an interest in discouraging the patent infringement, trademark infringement and unfair competition as alleged by Plaintiff since Defendant took directed actions toward California. *See Akro*, 45 F.3d at 1549 ("[t]he injury of which [the plaintiff] complains—restraint of its production of goods by means of a non-infringed, invalid and/or unenforceable patent—falls well within the boundaries of the sorts of injuries that Ohio has an interest in discouraging.") Additionally, factors three and four support the exercise of personal jurisdiction. Plaintiff has a valid interest in seeking redress in this Court as its principal place of business is in Southern California and this forum

provides an efficient resolution to the claims alleged since two of the claims are based on California law and the others on federal law.  Lastly, with regard to the final factor, "[b]ecause patent infringement is a matter of federal law, the shared interest of the several States in furthering fundamental substantive social policies is not implicated." *Patent Rights Prot. Group, LLC v. Video Gaming Techs., Inc*., 603 F.3d 1364, 1371 (Fed. Cir. 2010) (quoting *Elecs. for Imaging*., 340 F.3d at 1352) (internal quotations omitted). Accordingly, Defendants have failed to meet the high burden of this prong.  For the reasons set forth above, the exercise of specific jurisdiction in this matter is fair and reasonable as it comports with the due process requirements.

Therefore, the motion to dismiss on grounds for lack of personal jurisdiction is denied.[4]

**III.		Claim Against Defendant Jeffery Laeger For Direct Infringement**

The Complaint asserts all claims against Laeger Built, LLC d/b/a Trimbros.com and Jeffery Laeger.  [*See* Doc. No. 1.]  Since alter ego theory is not unique to patent law, the regional circuit applies.  *Wechsler v. Macke Intern. Trade, Inc.*, 486 F.3d 1286, 1295 (Fed. Cir. 2007).  Under Ninth Circuit law, the law of the forum state governs alter ego liability. *Towe Antique Ford Found. v. IRS*, 999 F.2d 1387, 1391 (9th Cir. 1993).

Under California law, alter ego liability is as follow; first there must be "such a unity of interest and ownership that the individuality, or separateness, of the said person and the corporation has ceased; [and] second, that the facts are such that an adherence to the fiction of the separate existence of the corporation would . . . sanction a fraud or promote injustice." *Firstmark Capital Corp. v. Hempel Fin. Corp.,* 859 F.2d 92, 94 (9th Cir. 1988) (emphasis omitted) (citing *Wood v. Elling Corp.*, 20 Cal. 3d 353, 365 n.9 (1977)). California courts treat the alter ego doctrine as a drastic remedy and disregard the corporate

---

[4] Defendants state in their final moving paper that "this Court should . . . at the very least, order this action transferred to Oregon."  [Doc. No. 13 at 3.]  This is improper.  If it is the Defendant's request for this Court to transfer venue then it must make the appropriate motion, simply concluding that a transfer of venue should be granted is wholly insufficient.

form cautiously.  *See, e.g., Las Palmas Assocs. v. Las Palmas Ctr. Assocs.*, 235 Cal. App. 3d 1220, 1249-50 (1991).  It is under this lenses that we view Plaintiff's allegations.

Here, Plaintiff falls short of its burden by failing to provide any supporting allegations to make a determination on this issue.  A plaintiff must allege specific facts supporting both elements of alter ego liability, conclusory allegations are insufficient. *Gerritsen v. Warner Bros. Entm't Inc.*, 112 F. Supp. 3d 1011, 1042 (C.D. Cal. 2015).  Even in the light most favorable to Plaintiff, there is nothing in the moving papers to support Plaintiff's conclusory allegation that there is a unity of interest or that there will be an inequitable result especially through the scrutiny that California views alter ego liability. [Doc. No. 13 at 1.]  Plaintiff's bare and conclusory allegations are deficient, therefore the claim against Laeger individually is dismissed.

## IV. CONCLUSION

For the reasons set forth above, this Court orders as follows:

1. Defendants' Motion to Dismiss [Doc. No. 11] is **DENIED** with respect to personal jurisdiction;
2. Jeffery Laeger's Motion to Dismiss for failure to state a claim [Doc. No. 11] is **GRANTED**;
3. Defendants' Motion to For a More Definite Statement [Doc. No. 11] is **DENIED** as moot; and,
4. Plaintiff's request for Jurisdictional Discovery [Doc. No. 13] is **DENIED** as moot.

**IT IS SO ORDERED.**

Dated:  April 21, 2017

Hon. Cathy Ann Bencivengo
United States District Judge

10

3:16-cv-2946-CAB (BLM)