UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GREENBROZ, INC., a Nevada corporation,<br><br>               Plaintiff/Counter-Defendant,<br><br>v.<br><br>LAEGER BUILT, LLC d/b/a TRIMBROS.COM, an Oregon limited liability company; and DOES 1-10,<br><br>               Defendant/Counter-Claimant. | Case No.: 16-cv-02946-CAB-BLM<br><br>**ORDER GRANTING MOTION TO DISMISS COUNTERCLAIM AND MOTION TO STRIKE AFFIRMATIVE DEFENSE**<br><br>[Doc. No. 19] |

This matter is before the Court on Plaintiff's motion to dismiss Defendant's counterclaims and motion to strike an affirmative defense. The motion is fully briefed and the Court deems it suitable for submission without oral argument. For the reasons set forth below, the motion is granted.

**I.    Background**

Plaintiff Greenbroz, Inc. ("Greenbroz") is the owner of a design patent for a blade assemble apparatus for trimming agricultural products ("the Patent"). [Doc. No. 1 ¶¶ 4, 12.] On June 13, 2016, Greenbroz sent a cease and desist letter to Defendant Laeger Built LLC d/b/a Trimbros.com ("Trimbros"), stating that Trimbros's agricultural trimmer was infringing on Greenbroz's Patent. [*Id*. at ¶ 16.] Trimbros responded on June 29, 2016,

denying it was infringing and refusing to comply with the demands contained therein. [Doc. No. 12-4 at 2-3.] On December 2, 2016, Greenbroz filed its Complaint against Trimbros alleging patent infringement, California trademark infringement, and unfair competition under state common law and the Lanham Act. [Doc. No. 1.]

After filing a motion to dismiss for lack of personal jurisdiction, which the Court denied, Trimbros filed an answer, affirmative defenses, and four counterclaims for declaratory judgment of trademark and patent non-infringement and invalidity. [Doc. No. 16.] Greenbroz now moves to dismiss the counterclaims and to strike an affirmative defense that "Plaintiff's allegations are barred, in whole or in part, to the extent that Plaintiff has misused its intellectual property by knowingly asserting rights against Defendant when Plaintiff knows or should know that the asserted rights are invalid and/or not infringed and/or unenforceable." [Doc. No. 16 at ¶ 69.]

## II. Legal Standards

### A. Motion to Dismiss Counterclaims

"A motion to dismiss a counterclaim brought pursuant to Federal Rule of Civil Procedure 12(b)(6) is analyzed under the same standard as a Rule 12(b)(6) motion to dismiss a plaintiff's complaint." *Leadership Studies, Inc. v. Blanchard Training & Dev., Inc.*, No. 15CV1831-WQH-KSC, 2017 WL 3315652, at *4 (S.D. Cal. Aug. 2, 2017). To survive a motion to dismiss under Rule 12(b)(6), "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). Thus, the Court "accept[s] factual allegations in the complaint as true and construe[s] the pleadings in the light most favorable to the nonmoving party." *Manzarek v. St. Paul Fire & Marine Ins. Co.*, 519 F.3d 1025, 1031 (9th Cir. 2008).[1] On the other hand, the Court is "not bound to accept as true a legal conclusion couched as a

---

[1] The Federal Circuit applies regional circuit law to the review of motions to dismiss. *OIP Tech., Inc. v. Amazon.com, Inc.*, 788 F.3d 1359, 1362 (Fed. Cir. 2015).

factual allegation." *Iqbal*, 556 U.S. at 678; *see also Lee v. City of Los Angeles*, 250 F.3d 668, 679 (9th Cir. 2001) ("Conclusory allegations of law are insufficient to defeat a motion to dismiss"). Nor is the Court "required to accept as true allegations that contradict exhibits attached to the Complaint or . . . allegations that are merely conclusory, unwarranted deductions of fact, or unreasonable inferences." *Daniels-Hall v. Nat'l Educ. Ass'n*, 629 F.3d 992, 998 (9th Cir. 2010). "In sum, for a complaint to survive a [12(b)(6)] motion to dismiss, the non-conclusory factual content, and reasonable inferences from that content, must be plausibly suggestive of a claim entitling the plaintiff to relief." *Moss v. U.S. Secret Serv.*, 572 F.3d 962, 969 (9th Cir. 2009) (quotations omitted).

### B. Motion to Strike

Under Federal Rule of Civil Procedure 12(f), a court "may order stricken from any pleading any insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." Fed. R. Civ. P. 12(f). "Motions to strike are generally disfavored and 'should not be granted unless the matter to be stricken clearly could have no possible bearing on the subject of the litigation.'" *Synopsys, Inc. v. Ubiquiti Networks, Inc.*, No. 17-CV-00561-WHO, 2017 WL 3485881, at *6 (N.D. Cal. Aug. 15, 2017) (quoting *Platte Anchor Bolt, Inc. v. IHI, Inc.*, 352 F.Supp.2d 1048, 1057 (N.D. Cal. 2004)). "[C]ourts often require a showing of prejudice by the moving party as a condition to granting such relief." *Nestle USA, Inc. v. Crest Foods, Inc.*, No. LACV1607519JAKAFMX, 2017 WL 3267665, at *22 (C.D. Cal. July 28, 2017) (internal quotation marks and citation omitted). "[T]he key to determining the sufficiency of pleading an affirmative defense is whether it gives plaintiff fair notice of the defense." *Wyshak v. City Nat'l Bank*, 607 F.2d 824, 827 (9th Cir. 1979) (citing *Conley v. Gibson*, 355 U.S. 41, 47–48 (1957)). "[T]he 'fair notice' required by the pleading standards only requires describing the defense in 'general terms.'" *Kohler v. Flava Enterprises, Inc.*, 779 F.3d 1016, 1019 (9th Cir. 2015) (citing 5 Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 1274 (3d ed. 1998)).

## III. Discussion

Trimbros asserts counterclaims for declaratory judgments of: (1) patent non-infringement; (2) trademark and/or trade dress non-infringement; (3) patent invalidity; and (4) trademark and/or trade dress invalidity. "[T]o be entitled to the presumption of truth, allegations in a complaint or counterclaim may not simply recite the elements of a cause of action, but must contain sufficient allegations of underlying facts to give fair notice and to enable the opposing party to defend itself effectively." *Star v. Baca*, 652 F.3d 1202, 1216 (9th Cir. 2011). Here, Trimbros's counterclaims contain no factual allegations whatsoever, asserting only legal conclusions. Accordingly, the counterclaims do not contain sufficient factual matter to state plausible claims for relief.

Greenbroz also moves to strike Trimbros's affirmative defense of misuse of intellectual property because Trimbros does not allege any facts to give Greenbroz fair notice. Unlike with its counterclaims, Trimbros "must merely provide [Greenbroz] fair notice of the issue involved through their affirmative defenses." *Wyshak*, 607 F.2d at 827. Nevertheless, the affirmative defense in question does not satisfy this lesser standard because it refers generally to Greenbroz's "intellectual property" without distinguishing between misuse of patent rights or misuse of trademark rights. If Treebros is asserting an affirmative defense of patent misuse, it must "allege facts that plausibly suggest that [Greenbroz] has impermissibly broadened the scope of a patent with anticompetitive effect." *Beco Dairy Automation, Inc. v. Glob. Tech Sys., Inc.*, No. 112CV01310LJOSMS, 2015 WL 9583012, at *2 (E.D. Cal. Dec. 31, 2015).

## IV. Conclusion

For the reasons set forth above, it is hereby **ORDERED** as follows:

1. The motion to dismiss Trimbros's counterclaims is **GRANTED;**
2. The motion to strike Trimbros's affirmative defense is **GRANTED**;
3. Trimbros's counterclaims and the affirmative defense at paragraph 69 of the Answer and Counterclaim are **DISMISSED WITHOUT PREJUDICE**; and

4. Trimbros must file any amended answer and counterclaims on or before **September 5, 2017**.

It is **SO ORDERED.**

Dated: August 22, 2017

_____
Hon. Cathy Ann Bencivengo
United States District Judge